IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abdifatah Adem, | CIV-14-2472-PHX-GMS (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Katrina Kane, | |
| Respondent. | |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Petitioner Abdifatah Adem (A078-806-209), who is confined in Corrections Corporation of America's Florence Correctional Center in Florence, Arizona, filed a *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1). In his § 2241 Petition, Petitioner alleges that he is entitled to supervised release from custody because his detention is not authorized by law because there is no prospect that his removal will be effected in the reasonably foreseeable future. See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months); Clark v. Martinez, 543 U.S. 371 (2005) (extending the holding in Zadvydas to inadmissible aliens).

\\\

\\\

1  On December 1, 2014, Respondent filed a Notice to Court and Suggestion of
2 Mootness indicating that on November 25, 2014, Petitioner was released from custody
3 pursuant to the Government's Order of Supervision. (Doc. 8, Exh. 1.) "[A] petitioner's
4 release from detention under an order of supervision 'moots his challenge to the legality of
5 his extended detention.'" Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting Riley
6 v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002)).  Thus, it appearing that Petitioner is no
7 longer in custody, and that there is no longer a live case or controversy in this matter, the
8 Court ordered Petitioner to show cause within ten (10) days from the date of its Order why
9 this action should not be dismissed as moot.  To date, Petitioner has not responded or
10 otherwise communicated with the Court, and the time for filing a response to the Court's
11 Order has expired.

12  It appearing that the relief requested in Petitioner's habeas petition has been granted,
13 and that the habeas petition is now moot and should, therefore, be dismissed, the Court will
14 recommend that Petitioner's Petition for a Writ of Habeas Corpus be dismissed.

15  **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for a Writ of
16 Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** as moot and without
17 prejudice.

18  This recommendation is not an order that is immediately appealable to the Ninth
19 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
20 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
21 parties shall have fourteen days from the date of service of a copy of this recommendation
22 within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1);
23 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen
24 days within which to file a response to the objections.  Failure timely to file objections to the
25 Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
26 and Recommendation by the district court without further review.  See United States v.
27 Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any
28

factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  See Rule 72, Federal Rules of Civil Procedure.

DATED this 22nd day of December, 2014.

Michelle H. Burns
United States Magistrate Judge